Elango Med. PLLC v Trump Palace Condominium (2021 NY Slip Op 03145)





Elango Med. PLLC v Trump Palace Condominium


2021 NY Slip Op 03145


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 150019/19 Appeal No. 13646 Case No. 2020-02682 

[*1]Elango Medical PLLC, et al., Plaintiffs-Respondents,
v
Trump Palace Condominium, et al., Defendants, Trump Corporation, Defendant-Appellant.


Belkin Burden Goldman LLP, New York (Magda L. Cruz of counsel), for appellant.
Buzin Law, P.C., Purchase (Andrew S. Buzin of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered December 24, 2019, which, insofar as appealed from, denied defendant Trump Corporation's motion for summary judgment dismissing the claims of discrimination under the New York City and State Human Rights Laws as against it, unanimously affirmed, without costs.
Plaintiff Peggy-Rose Elango (Dr. Elango), an African-American, is a licensed physician and the sole owner of plaintiff Elango Medical PLLC. This action concerns plaintiffs' attempt to lease space for a medical office in the Trump Palace Condominium. Defendant Trump Corporation is the managing agent for defendants the Condominium and its board of managers. Defendant Bascombe Holdings Limited is the owner of the subject condominium unit, and defendant Norman Schaumberger is Bascombe's attorney and principal.
Plaintiffs alleged that in January 2018 they became aware of the listing for the unit, which identified it as "professional space" for physician/medical office use. Plaintiffs made an offer to lease the unit, which Bascombe accepted, and they entered into a lease agreement subject to approval by the board. In February 2018, plaintiffs submitted a rental application to Trump Corporation as agent for the board. In March 2018, the board denied the application, purportedly because the condominium bylaws restricted the unit to residential use.
Plaintiffs alleged that at no point prior to submitting their application were they informed of this restriction, even though defendant David Garland, the listing agent for the unit, Schaumberger, and representatives of Trump Corporation were all aware of it. It is undisputed that the unit had previously been used as a medical office from 1993 to mid-2017 and that two other units in the Condominium were currently being used as medical offices.
As relevant here, plaintiffs brought claims against Trump Corporation for race-based discrimination in violation of the New York City and State Human Rights Laws.
In July 2019, Trump Corporation moved for summary judgment dismissing those claims as against it. In support, Trump Corporation submitted an affidavit by its Vice President of Property Administration, Sonja Talesnik, who averred that plaintiffs' application was rejected for a legitimate reason, namely that the unit was restricted to residential use; that Trump Corporation acted as the agent for a disclosed principal (the board), and it was the board and not Trump Corporation that was authorized to make and in fact made this decision; and that "the Board had no idea who or what Dr. Elango was because . . . the Application was not reviewed or processed by the Board once it was determined, from the first page of the Lease, that the PLLC's intended use was impermissible."
Plaintiffs opposed the motion, arguing that the proffered reason for rejecting their application was pretextual, that issues of fact existed as to the scope of the agency relationship, and Trump Corporation could nonetheless [*2]be held liable for its own independent tortious conduct, and that issues of fact existed as to whether Trump Corporation was aware of Dr. Elango's race. Plaintiffs also argued that the motion was premature, as no documentary or deposition discovery had yet been conducted. In support, plaintiffs submitted, among other things, Trump Corporation's "Procedures for Lease of Condominium," which required applicants to submit color copies of their photo identification.
The motion court denied the motion.
On appeal, Trump Corporation contends that it cannot be held liable because it acted as the agent of a disclosed principal, i.e., the board. In general, "an agent for a disclosed principal will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability for, or to, that of his principal" (News Am. Mktg. v Lepage Bakeries, Inc., 16 AD3d 146, 147 [1st Dept 2005] [internal quotation marks omitted]; see also Sayeh v 66 Madison Ave. Apt. Corp., 73 AD3d 459, 461-462 [1st Dept 2010]). However, an agent may still be held liable for its own affirmative wrongful acts (see Christie v Scheiner, 125 AD3d 478, 479 [1st Dept 2015]).
Here, it would have been premature to grant summary judgment on this issue as document and deposition discovery have not yet begun and are clearly necessary to explore Trump Corporation's agency status and its relationship with the Board, and whether it was aware of Dr. Elango's race and its involvement in the decision to reject plaintiffs' application (Rodriguez v Architron Envtl. Servs., Inc., 166 AD3d 505, 506 [1st Dept 2018]; Gonzalez v Vincent James Mgt., 306 AD2d 226, 226 [1st Dept 2003]).
Although Trump Corporation claims to have "promptly produced the documentation that Plaintiffs had sought," all it cites in support of this assertion are its own discovery demands and its responses and objections to plaintiffs' demands, which do not indicate that there was any accompanying production.
Trump Corporation contends that the discrimination claims should be dismissed for the independent reason that the denial of plaintiffs' application did not occur under circumstances giving rise to an inference of discrimination (see Hudson v Merrill Lynch & Co., Inc., 138 AD3d 511, 514 [1st Dept 2016], lv denied 28 NY3d 902 [2016]). However, as noted above, the evidence that a color photograph of the applicant was required to be submitted with the application was sufficient to create an issue of fact as to whether Trump Corporation was aware of Dr. Elango's race. Significantly, the word "COLOR" is spelled out in capital letters for emphasis in its document. It is also undisputed that the unit had previously been used as a medical office and that two similar units continued to be used as medical offices, this evidence creates an issue of fact as to whether the stated basis for the denial of the application (that plaintiffs sought to use the space for an impermissible [*3]commercial use) was pretextual.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021